# THE LAW OFFICES OF RUSSELL E. ADLER PLLC

### LABOR AND EMPLOYMENT LAW    ADVOCACY, ADVICE & COUNSEL

#### WWW.RADLERLAWPLLC.COM

370 LEXINGTON AVENUE, SUITE 1012                             212.867.9711
NEW YORK, NEW YORK 10017                              RUSS@RADLERLAWPLLC.COM

March 16, 2015

**Via ECF**

Hon. Michael H. Dolinger, U.S.M.J.
United States Courthouse
500 Pearl Street, Room 17D
New York, New York 10007

>        Re:    Goett v. V1 Jets International, Inc., et al.
>               <u>14-CV-8256 (JMF)(MHD)</u>

Dear Judge Dolinger:

    I am counsel for Plaintiff, Joseph Goett, and submit this letter jointly with Ivan A. Saperstein, counsel for Defendants, in support of the request that the Court approve the enclosed settlement agreement **(Exhibit A)** as fair and reasonable.  As directed by Your Honor's March 6, 2015 Order, this letter specifically addresses the factors set forth in *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 332 (S.D.N.Y. 2012).

    *Wolinsky,* identifies the following factors for the Court to assess the propriety of a FLSA settlement agreement: (1) plaintiff's range of possible recovery; (2) the extent to which settlement will enable the parties to avoid the burdens and expense of litigation; (3) seriousness of litigation risk faced by the parties; (4) whether the settlement agreement was reached as the result of an arms-length negotiation between experienced counsel; and (5) the possibility of fraud or collusion.  Factors weighing *against* approval of a settlement include: (a) the presence of other similarly situated employees; (b) likelihood that the circumstances will reoccur; (c) history of non-compliance by the same employer or in the same industry; and (d) the desirability of a mature record to further develop the law.  As set forth below, the *Wolinsky* factors favor approval of the settlement agreement.

### Range of Possible Recovery

    Plaintiff's FLSA/New York  Labor Law claim seeks approximately $44,500 in unpaid commissions and compensation and $36,000 in overtime pay.  The high-end of recovery on the wage claim is, therefore, $116,000: $36,000 in overtime, an equivalent amount in liquidated damages, plus $44,500 in commissions and salary due.  While perhaps self-evident, if Plaintiff did not prevail, his recovery would be $0.

### Avoiding the Burdens and Expense of Litigation & Litigation Risk

    Defendants expressed throughout this case (and prior to commencement of the action), their tenuous financial condition and business hardships that could render any recovery a pyrrhic victory.  The risk of an uncollectable judgment was a strong factor weighing in favor Plaintiff's decision to accept the proposed settlement.  In this respect, the parties were equally

motivated to avoid the burdens and expense of litigation. A significant risk to both parties was the burden of establishing/contesting Plaintiff's alleged overtime hours given the absence of contemporaneous records. In addition, Plaintiff recently commenced new employment and would prefer to put this matter behind him and focus on his current employment rather than direct resources toward this litigation. Likewise, Defendants' concerns about legal fees and distraction from current business affairs encouraged them to reach a settlement.

## Arms-Length Negotiations / Risk of Fraud or Collusion

The settlement was achieved through negotiation between the undersigned counsel who, prior to this case, had no prior contact or business relationship. Counsel further submit that they are each members in good standing at the bar with impeccable records with regard to their respective professional conduct and ethics and, as such, there is no risk of impropriety to the parties in this matter.

## None of the *Wolinsky* Factors Opposing Judicial Approval of the Settlement are Present

First and foremost, there are no other similarly situated employees. Given the absence of other employees, the likelihood of reoccurrence is not an issue. Nor is there any prior history of wage/hour violations as this is the first action of this nature asserted against Defendants. Finally, no novel issues of law were raised in the action, thus, there is no need to develop a record for purposes of establishing precedent.

Based on the foregoing, the parties submit he settlement is fair and reasonable and should be approved.

## Attorney's Fees

*Wolinsky* also directs the reviewing Court to assess the reasonableness of counsel's fees as well. The proposed settlement apportions $18,750 in attorney's fees to Plaintiff's counsel. This amount represents a contingency fee of 25% of the total recovery in accordance with counsel's retainer agreement. Using a *Lodestar* calculation, however, the undersigned submits counsel's fees are fair and reasonable. Annexed hereto as Exhibit B are counsel's contemporaneous time records establishing that Plaintiff's counsel expended 40.1 hours of time from July 2014 through the present prosecuting this action. At an hourly rate of $425 per hour, Plaintiff's counsel's fee would be $17,634.50.[1]

Respectfully submitted,

Russell E. Adler                                             Ivan Saperstein, Esq.

---

[1]      $425 per hour is reasonable for an attorney with 16 years of experience in New York City. See e.g., *Scott v. City of New York*, 643 F.3d 56 (2d Cir. 2011) ($550 awarded to solo practitioner); *DeCurtis v. Upward Bound Int'l, Inc.*, 2011 WL 4549412 (S.D.N.Y. Sept. 27, 2011) (partner with 16 years experience awarded $550 in discrimination case); *Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC*, 2009 WL 466136 (S.D.N.Y. Feb. 25, 2009) (awarding partners an hourly rate of between $435 and $550 and awarding associates an hourly rate of between $200 and $365); *Robinson v. City of New York*, 2009 WL 3109846, (S.D.N.Y. Sept. 29, 2009) (awarding partners $500 and $450 an hour in discrimination case); and *Smith v. Nagai*, 2012 WL 2421740 (S.D.N.Y. May 15, 2012) (founding partner of a small firm "with more than twenty years of experience handling complex litigation" should be compensated at the rate of $550.00 per hour, finding that such a rate is "comparable to rates regularly approved in the Southern District of New York and . . . therefore reasonable.")

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

JOSEPH GOETT,                                    :
                                                 :
                          Plaintiff,             :          **14-CV-8256 (JMF)(MHD)**
                                                 :
          -against-                              :
                                                 :
V1 JETS INTERNATIONAL INC., V1 JET              :
HOLDINGS, INC., TRAVELSUITE, INC.,              :
JAIME MATTA and ANDREW ZARROW,                  :
                                                 :
                          Defendants.            :
------------------------------------------------------- X

This Settlement Agreement and Release ("Agreement") dated March 12, 2015 is by and between Joseph Goett ("Plaintiff" or "Goett") and V1 Jets International, Inc., V1 Jet Holdings, Inc. Travelsuite, Inc., Jaime Matta and Andrew Zarrow (collectively, "Defendants").

**WHEREAS,** Plaintiff commenced the above-captioned action on or about October 16, 2014 ("the Action"); and

**WHEREAS,** following a settlement conference before the Hon. Michael H. Dolinger, U.S.M.J., the Parties agreed to settle the Action and all claims and disputes between them solely to avoid further litigation costs, time, and distraction from their respective professional and business endeavors;

**NOW, THEREFORE**, in consideration of the mutual covenants and considerations hereinafter set forth, the Parties agree as follows:

1.      **Settlement Funds.** Defendants shall pay or cause to be paid the sum of Seventy Five Thousand Dollars and no cents ($75,000.00) ("Settlement Sum") in accordance the following payment schedule:

   a.  $6,818.20 to be paid within three (3) business days of the Court's approval of this Agreement;

   b.  ten (10) payments of $6,818.18 every thirty (30) days thereafter until the Settlement Sum is paid in full.

Each installment payment set forth above shall be paid in two (2) checks and/or wire transfers: one check/wire to "Joseph Goett" in the amount of $5,113.65 to be delivered to 100 Prospect Street, # S102, Stamford, CT 06901 (or in the case of a wire transfer to Peoples United Bank, routing no. 221172186; account no. 0230184505) and a separate check payable to "Law Offices of Russell E. Adler PLLC" in the amount of $1,704.53 to be delivered to the Law Offices of Russell E. Adler PLLC, 370 Lexington Avenue, Suite 1012, New York, New York 10017 (or in the case of a wire transfer, to JPMorgan Chase bank, routing no. 021000021; account no. 131769350).

In the event an installment is not paid in full on or before such installment's due date as set forth above, Plaintiff's counsel shall notify counsel for Defendants, Ivan Saperstein, via e-mail at ivan@ivansaperstein.com (or any other counsel retained by Defendants as requested by Defendants) with a copy to Defendants at azarrow@v1jets.com of non-payment and Defendants shall have five (5) business days within which to cure such default. In the event Defendants fail to timely cure such default, Plaintiff may either file the Confessions of Judgment annexed hereto as Exhibit A or reinstate this action in full by notifying the Court of Defendants' uncured default, in which case all waivers and releases in favor Defendants shall be null and void. Defendants acknowledge and agree that Plaintiff's shall be awarded all costs and fees, including attorney's fees, incurred in any successful enforcement proceeding related to this Agreement or the annexed confessions of judgment.

Simultaneous with the execution of this Agreement, Defendants shall each deliver to counsel for Plaintiff two (2) signed and notarized original Confessions of Judgment which Plaintiff's counsel shall hold in escrow until the Settlement Sum has been satisfied in full. Upon satisfaction of the Settlement Sum in full, Plaintiff's counsel shall return to Defendants' counsel (or, if mutually agreed, destroy) the original Confessions of Judgment.

This court shall retain jurisdiction of this Action until the Settlement Sum has been paid in full.

2.    **Mutual Waiver and Release.** Subject to the terms and conditions set forth above, Goett, on his behalf and on behalf of his executors, administrators, heirs and/or personal representatives, hereby releases and discharges Defendants from all claims, known or unknown, that were or could have been asserted in the Action. Defendants, on their behalf and on behalf of their respective parents, subsidiaries, affiliates, divisions, members, partners, directors, officers, shareholders, employees, agents, executors, administrators, heirs and/or personal representatives release Goett from any and all claims, known or unknown, that were or could have been asserted by Defendants in the Action.

3.    **Non-Admission of Wrongdoing; Non-Disparagement.** The above stated recitals constitute part of this Agreement. In addition, the parties agree that neither this Agreement nor the furnishing of the Settlement Sum provided for herein shall be deemed or construed as an admission by any party hereto of any liability or unlawful conduct. The parties acknowledges and agree that neither shall make, directly or indirectly, any negative or disparaging oral or written statements about the other party.

4.    **Cooperation.** The parties will execute and transmit to each other's counsel any and all documents needed to conclude the Action and issue the Settlement Sum, including a Stipulation of Dismissal/Discontinuance with prejudice, discontinuing and dismissing the Action (in the form annexed hereto and to be filed by Plaintiff's counsel upon full payment of the Settlement Sum), and any appropriate tax documents.

5.    **No Discharge in Bankruptcy; Joint and Several Liability.** Defendants acknowledge and agree that the obligation to pay the Settlement Sum in full shall not be subject to any stay or discharge in any bankruptcy proceeding. Defendants further acknowledge and agree that they are jointly and severally liable for the Settlement Sum.

6.     **Court Approval; Entire Agreement; Severability; Prior Representations; Governing Law.**  The Parties acknowledge and agree that Court approval of this Agreement may be required and they jointly agree to take all necessary steps to effectuate such approval.  The parties further acknowledge and agree that this Agreement (including the Confessions of Judgment) is null and void if not approved by the Court. This Agreement represents the entire agreement among the parties with respect to all matters between them, and supersedes all prior and contemporaneous oral or written agreements and discussions between and among the parties. No provision herein may be changed, modified, altered, or waived except in a writing signed by the parties. The parties acknowledge that no representation, promise, or inducement has been made with respect to the subject matter herein or any other subject matter, other than as specifically set forth in this Agreement, and that they have not entered into this Agreement in reliance upon any other representation, promise, or inducement.  The parties agree that this Agreement shall be construed in accordance with the laws of the State of New York, without regard to conflicts or choice of law principles.

7.     **Voluntary Agreement; Successors and Assigns.**  Each party acknowledges that it has fully read and understood this Agreement and understands the consequences thereof, and is executing this Agreement voluntarily after obtaining or being advised to obtain independent advice of counsel.  Each party has made such investigation of the facts pertaining to this Agreement and all matters pertaining thereto as such party and/or such party's counsel deem necessary or appropriate, and expressly disclaims and waives any right to assert in any action or proceeding that its execution of this Agreement was induced by fraud, undue duress, coercion, or any other unlawful act or request.  This Agreement shall be binding upon and shall be for the benefit of the parties' respective executors, administrators, heirs, personal representatives and successors and assigns.

8.     **Paragraph Headings; Counterparts.**     The paragraph headings are for the convenience of the parties only; they are not part of this Agreement.  This Agreement may be executed and/or transmitted by facsimile or electronic means and may be executed in counterparts, which, when taken together, shall be deemed an original and shall constitute a single Agreement.


*{Remainder of Page Intentionally Blank}*

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first referenced hereinabove:

**PLAINTIFF**

**DEFENDANTS**

**JOSEPH GOETT**

**ANDREW ZARROW**

_____

_____

**JAIME MATTA**

_____

**V1 JETS INTERNATIONAL INC.,**

_____

By: _____

Title: _____

**V1 JET HOLDINGS, INC.**

_____

By: _____

Title: _____

**TRAVELSUITE, INC.,**

_____

By: _____

Title: _____

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first referenced hereinabove:

**PLAINTIFF**                                    **DEFENDANTS**

**JOSEPH GOETT**                              **ANDREW ZARROW**

_____                      _____

                                             **JAIME MATTA**


                                             _____



                                             **V1 JETS INTERNATIONAL INC.,**

                                             _____

                                             By: _____

                                             Title: _____

                                             **V1 JET HOLDINGS, INC.**

                                             _____

                                             By: _____

                                             Title: _____

                                             **TRAVELSUITE, INC.,**

                                             _____

                                             By: _____

                                             Title: _____

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first referenced hereinabove:

**PLAINTIFF**

**JOSEPH GOETT**

_____

**DEFENDANTS**

**ANDREW ZARROW**

**JAIME MATTA**

_____

**V1 JETS INTERNATIONAL INC.,**

By: _____

Title: _____

**V1 JET HOLDINGS, INC.**

By: _____

Title: _____

**TRAVELSUITE, INC.,**

By: _____

Title: _____

**EXHIBIT A**

*a*

## AFFIDAVIT OF JAIME MATTA IN SUPPORT OF
## CONFESSION OF JUDGMENT

State of New York   )
                   ) s.s.
County of New York )

1.     I, Jaime Matta, being duly sworn, deposes and states that I am a defendant in the action entitled *Goett v. VI Jets International, Inc.* et al, 14-CV-8256 (JMF)(MHD) commenced on or about October 16, 2014 in the federal district court for the Southern District of New York (the "Action") and as such, I am fully familiar with the facts and circumstances set forth herein.

2.     This affidavit is executed to secure plaintiff in the Action, Joseph Goett, against a contingent liability, to wit: non-payment of the settlement sum agreed upon in the parties' Settlement Agreement executed in connection with the resolution of the Action.

3.     I am a resident of the state of New York, County of New York.

4.     This affidavit may be filed upon the failure of Defendants in the Action to pay any installment due pursuant to the Settlement Agreement.

5.     I acknowledge and agree that in the event of non-payment of all or any part of the settlement sum set forth in the Settlement Agreement in the Action, subject to paragraph 7 below, a judgment may be entered against me in the amount of One Hundred Thousand Dollars and no cents ($100,000.00) in favor of Joseph Goett, who resides at 100 Prospect Street, # S102, Stamford, CT 06901.

6.     The amount referenced in paragraph 5 of this Affidavit, however, will be set-off (i.e. reduced) by the total of all payments made pursuant to the Settlement Agreement dated March 12, 2015.

7.     The liability upon which this affidavit is executed is the payment of wages, overtime pay, commissions, back pay, front pay, liquidated damages, statutory penalties, and

interested related thereto based upon the claims asserted in the Action. I acknowledge and agree that the foregoing sum does not exceed the liability in the Action.

8.     I acknowledge and agree that the obligations set forth in this affidavit shall not be subject to stay or discharge in any bankruptcy proceeding.

9.     I have executed this Affidavit after receiving the advice of independent counsel of my own choosing.

JAIME MATTA

Dated: _3/13/15_

*Affidavit Number: 7042*

Sworn to before me this *17th day of march, 2015, Jaime J. Matta, who*
___ day of March, 2015 *appear before me, who I identify by his*
*driver licence. In the commonwealth of Puerto Rico.*

Notary Public _Paul Rivera_
*Notary Public*

RECIBO

## AFFIDAVIT OF ANDREW ZARROW IN SUPPORT OF
## CONFESSION OF JUDGMENT

State of New York     )
                        ) s.s.

County of Nassau     )

1.       I, Andrew Zarrow, being duly sworn, deposes and states that I am a defendant in the action entitled *Goett v. VI Jets International, Inc.* et al, 14-CV-8256 (JMF)(MHD) commenced on or about October 16, 2014 in the federal district court for the Southern District of New York (the "Action") and as such, I am fully familiar with the facts and circumstances set forth herein.

2.       This affidavit is executed to secure plaintiff in the Action, Joseph Goett, against a contingent liability, to wit: non-payment of the settlement sum agreed upon in the parties' Settlement Agreement executed in connection with the resolution of the Action.

3.       I am a resident of the state of New York, County of Nassau.

4.       This affidavit may be filed upon the failure of Defendants in the Action to pay any installment due pursuant to the Settlement Agreement.

5.       I acknowledge and agree that in the event of non-payment of all or any part of the settlement sum set forth in the Settlement Agreement in the Action, subject to paragraph 7 below, a judgment may be entered against me in the amount of One Hundred Thousand Dollars and no cents ($100,000.00) in favor of Joseph Goett, who resides at 100 Prospect Street, # S102, Stamford, CT 06901.

6.       The amount referenced in paragraph 5 of this Affidavit, however, will be set-off (i.e. reduced) by the total of all payments made pursuant to the Settlement Agreement dated March 12, 2015.

7.       The liability upon which this affidavit is executed is the payment of wages, overtime pay, commissions, back pay, front pay, liquidated damages, statutory penalties, and

interested related thereto based upon the claims asserted in the Action. I acknowledge and agree that the foregoing sum does not exceed the liability in the Action.

8.    I acknowledge and agree that the obligations set forth in this affidavit shall not be subject to stay or discharge in any bankruptcy proceeding.

9.    I have executed this Affidavit after receiving the advice of independent counsel of my own choosing.


**ANDREW ZARROW**

Dated:   3/13/15


Sworn to before me this
13 day of March, 2015

Notary Public

ROBIN FUNK
Notary Public - State of New York
NO. 01FU5184229
Qualified in New York County
My Commission Expires 3-31-2016

NY NY

**AFFIDAVIT OF ANDREW ZARROW, PRESIDENT OF V1 JETS INTERNATIONAL, INC. IN SUPPORT OF CONFESSION OF JUDGMENT**

State of New York    )
                     ) s.s.
County of New York  )

1.     I, Andrew Zarrow, being duly sworn, deposes and states that I am the President of defendant V1 Jets International, Inc., in the action entitled *Goett v. V1 Jets International, Inc.* et al, 14-CV-8256 (JMF)(MHD) commenced on or about October 16, 2014 in the federal district court for the Southern District of New York (the "Action") and as such, I am fully familiar with the facts and circumstances set forth herein.

2.     This affidavit is executed to secure plaintiff in the Action, Joseph Goett, against a contingent liability, to wit: non-payment of the settlement sum agreed upon in the parties' Settlement Agreement executed in connection with the resolution of the Action.

3.     V1 Jets International's principal place of business is the state of New York, County of New York.

4.     This affidavit may be filed upon the failure of Defendants in the Action to pay any installment due pursuant to the Settlement Agreement.

5.     I acknowledge and agree that in the event of non-payment of all or any part of the settlement sum set forth in the Settlement Agreement in the Action, subject to paragraph 7 below, a judgment may be entered against V1 Jets International, Inc. in the amount of One Hundred Thousand Dollars and no cents ($100,000.00) in favor of Joseph Goett, who resides at 100 Prospect Street, # S102, Stamford, CT 06901.

6.      The amount referenced in paragraph 5 of this Affidavit, however, will be set-off (i.e. reduced) by the total of all payments made pursuant to the Settlement Agreement dated March 12, 2015.

7.      The liability upon which this affidavit is executed is the payment of wages, overtime pay, commissions, back pay, front pay, liquidated damages, statutory penalties, and interested related thereto based upon the claims asserted in the Action. I acknowledge and agree that the foregoing sum does not exceed the liability in the Action.

8.      I acknowledge and agree that the obligations set forth in this affidavit shall not be subject to stay or discharge in any bankruptcy proceeding.

9.      I have executed this Affidavit after receiving the advice of independent counsel of my own choosing.

ANDREW ZARROW

_____
Title: President

Dated: __3-13-15__

Sworn to before me this
____ day of March, 2015

_____
Notary Public

**AFFIDAVIT OF ANDREW ZARROW, PRESIDENT OF V1 JET HOLDINGS, INC. IN SUPPORT OF CONFESSION OF JUDGMENT**

State of New York    )
                    ) s.s.
County of New York  )

      1.      I, Andrew Zarrow, being duly sworn, deposes and states that I am the President of defendant V1 Jet Holdings, Inc., in the action entitled *Goett v. V1 Jets International, Inc.* et al, 14-CV-8256 (JMF)(MHD) commenced on or about October 16, 2014 in the federal district court for the Southern District of New York (the "Action") and as such, I am fully familiar with the facts and circumstances set forth herein.

      2.      This affidavit is executed to secure plaintiff in the Action, Joseph Goett, against a contingent liability, to wit: non-payment of the settlement sum agreed upon in the parties' Settlement Agreement executed in connection with the resolution of the Action.

      3.      V1 Jet Holdings, Inc.'s principal place of business is the state of New York, County of New York.

      4.      This affidavit may be filed upon the failure of Defendants in the Action to pay any installment due pursuant to the Settlement Agreement.

      5.      I acknowledge and agree that in the event of non-payment of all or any part of the settlement sum set forth in the Settlement Agreement in the Action, subject to paragraph 7 below, a judgment may be entered against V1 Jet Holdings, Inc. in the amount of One Hundred Thousand Dollars and no cents ($100,000.00) in favor of Joseph Goett, who resides at 100 Prospect Street, # S102, Stamford, CT 06901.

6.       The amount referenced in paragraph 5 of this Affidavit, however, will be set-off (i.e. reduced) by the total of all payments made pursuant to the Settlement Agreement dated March 12, 2015.

7.       The liability upon which this affidavit is executed is the payment of wages, overtime pay, commissions, back pay, front pay, liquidated damages, statutory penalties, and interested related thereto based upon the claims asserted in the Action. I acknowledge and agree that the foregoing sum does not exceed the liability in the Action.

8.       I acknowledge and agree that the obligations set forth in this affidavit shall not be subject to stay or discharge in any bankruptcy proceeding.

9.       I have executed this Affidavit after receiving the advice of independent counsel of my own choosing.

**ANDREW ZARROW**

**Title: President**

Dated: 3/13/15

Sworn to before me this
13 day of March, 2015

Notary Public

ROBIN FUNK
Notary Public - State of New York
NO. 01FU6184229
Qualified in New York County
My Commission Expires 3-31-2016

**AFFIDAVIT OF ANDREW ZARROW, PRESIDENT OF TRAVELSUITE, INC. IN SUPPORT OF CONFESSION OF JUDGMENT**

State of New York   )
                   ) s.s.
County of New York  )

      1.     I, Andrew Zarrow, being duly sworn, deposes and states that I am the President of defendant Travelsuite, Inc., in the action entitled *Goett v. V1 Jets International, Inc.* et al, 14-CV-8256 (JMF)(MHD) commenced on or about October 16, 2014 in the federal district court for the Southern District of New York (the "Action") and as such, I am fully familiar with the facts and circumstances set forth herein.

      2.     This affidavit is executed to secure plaintiff in the Action, Joseph Goett, against a contingent liability, to wit: non-payment of the settlement sum agreed upon in the parties' Settlement Agreement executed in connection with the resolution of the Action.

      3.     Travelsuite, Inc.'s principal place of business is the state of New York, County of New York.

      4.     This affidavit may be filed upon the failure of Defendants in the Action to pay any installment due pursuant to the Settlement Agreement.

      5.     I acknowledge and agree that in the event of non-payment of all or any part of the settlement sum set forth in the Settlement Agreement in the Action, subject to paragraph 7 below, a judgment may be entered against Travelsuite, Inc. in the amount of One Hundred Thousand Dollars and no cents ($100,000.00) in favor of Joseph Goett, who resides at 100 Prospect Street, # S102, Stamford, CT 06901.

6.      The amount referenced in paragraph 5 of this Affidavit, however, will be set-off (i.e. reduced) by the total of all payments made pursuant to the Settlement Agreement dated March 12, 2015.

7.      The liability upon which this affidavit is executed is the payment of wages, overtime pay, commissions, back pay, front pay, liquidated damages, statutory penalties, and interested related thereto based upon the claims asserted in the Action. I acknowledge and agree that the foregoing sum does not exceed the liability in the Action.

8.      I acknowledge and agree that the obligations set forth in this affidavit shall not be subject to stay or discharge in any bankruptcy proceeding.

9.      I have executed this Affidavit after receiving the advice of independent counsel of my own choosing.


ANDREW ZARROW

_____

Title: President

Dated: 3/13/15


Sworn to before me this
13 day of March, 2015

_____
Notary Public

ROBIN FUNK
Notary Public - State of New York
NO. 01FU6184229
Qualified in New York County
My Commission Expires 3-3r-2016

NY NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
JOSEPH GOETT,                                           :
                                                        :
                                    Plaintiff,          :          14-CV-8256 (JMF)(MHD)
                                                        :
             -against-                                  :
                                                        :               STIPULATION
V1 JETS INTERNATIONAL INC., V1 JET                      :                    OF
HOLDINGS, INC., TRAVELSUITE, INC.,                      :                 DISMISSAL
JAIME MATTA and ANDREW ZARROW,                          :
                                                        :
                                    Defendants.         :
------------------------------------------------------- X

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties,

that this action is hereby discontinued with prejudice and without costs to any party, pursuant to

Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

Dated:


LAW OFFICE OF RUSSELL E. ADLER PLLC          LANE SASH & LARRABEE LLP



_____            _____
Russell E. Adler                             Ivan A. Saperstein
370 Lexington Avenue, Suite 1012             106 Corporate Park Dr., Suite 207
New York, NY 10017                           White Plains, NY 10017
212-867-9711                                 914-356-8595
Attorney for Plaintiff Joseph Goett          Attorneys for Defendants
                                             V1 Jets international Inc.,
                                             V1 Jet Holdings, Inc.,
                                             Travelsuite, Inc.
                                             Jaime Matta
                                             Andrew Zarrow

# Exhibit B

# Law Offices of Russell E. Adler PLLC

INVOICE NUMBER:  193
INVOICE DATE:  MARCH 06, 2015

FROM:  Law Offices of Russell E. Adler PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017

TO:  Goett, Joseph

| DATE | PROJECT | DESCRIPTION | QTY | RATE | AMOUNT |
|------|---------|-------------|-----|------|--------|
| JUL-17-14 | V1 | Initial intake meeting with J. Goett | 2.30 | $425.00 | $977.50 |
| JUL-22-14 | V1 | Prepare demand letter | 2.00 | $425.00 | $850.00 |
| JUL-23-14 | V1 | Prepare demand letter | 2.80 | $425.00 | $1,190.00 |
| JUL-24-14 | V1 | Teleconference with J. Goett regarding revisions to demand letter and review and revise | 0.60 | $425.00 | $255.00 |
| JUL-28-14 | V1 | Teleconference with J. Goett regarding recent events; review and revise demand letter and serve same | 0.30 | $425.00 | $127.50 |
| AUG-12-14 | V1 | Teleconference with J. Goett regarding status and settlement | 0.20 | $425.00 | $85.00 |
| AUG-19-14 | V1 | Teleconference with A. Zarrow regarding settlement; teleconference with J. Goett regarding same | 0.30 | $425.00 | $127.50 |
| SEP-02-14 | V1 | Teleconference with J. Goett regarding litigation strategy and related issues | 0.60 | $425.00 | $255.00 |
| SEP-04-14 | V1 | Review and respond to correspondence from A. Zarrow regarding settlement | 0.30 | $425.00 | $127.50 |
| OCT-01-14 | V1 | Prepare complaint | 3.20 | $425.00 | $1,360.00 |
| OCT-07-14 | V1 | Prepare complaint | 1.80 | $425.00 | $765.00 |
| OCT-08-14 | V1 | Prepare complaint | 2.70 | $425.00 | $1,147.50 |
| OCT-09-14 | V1 | Review and revise complaint and teleconferences with J. Goett regarding same | 2.40 | $425.00 | $1,020.00 |
| OCT-13-14 | V1 | Prepare complaint | 0.60 | $425.00 | $255.00 |

| DATE | PROJECT | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| OCT-15-14 | V1 | Review and revise complaint; prepare civil cover sheet and summons; correspondence with J. Goett regarding same | 2.70 | $425.00 | $1,147.50 |
| OCT-16-14 | V1 | File complaint and correspondence with defendants and court regarding same | 0.80 | $425.00 | $340.00 |
| OCT-16-14 | V1 | SDNY filing fee | 1.00 | $400.00 | $400.00 |
| OCT-21-14 | V1 | Correspondence with client regarding litigation status and strategy | 0.20 | $425.00 | $85.00 |
| OCT-28-14 | V1 | Fee to ultimate process service for service on corp. defendants through secretary of state | 1.00 | $120.00 | $120.00 |
| OCT-29-14 | V1 | File affidavits of service (Zarrow and Matta) and correspondence with process server regarding same | 0.20 | $425.00 | $85.00 |
| OCT-31-14 | V1 | Electronic research for October | | | $72.00 |
| NOV-04-14 | V1 | Teleconference with J. Goett regarding FINRA document request and correspondence with defendants regarding same | 0.30 | $425.00 | $127.50 |
| NOV-10-14 | V1 | Teleconference and correspondence with opposing counsel and correspondence with client regarding same | 0.40 | $425.00 | $170.00 |
| NOV-17-14 | V1 | Review and file affidavits of service on V1 Jets. V1 Holdings and Travelsuite | 0.30 | $425.00 | $127.50 |
| NOV-21-14 | V1 | Review pretrial conference order and correspondence with opposing counsel regarding adjournment of same | 0.20 | $425.00 | $85.00 |
| NOV-24-14 | V1 | Prepare letter motion for adjournment of initial pretrial conference and correspondence with opposing counsel regarding same | 0.40 | $425.00 | $170.00 |
| DEC-03-14 | V1 | Teleconference with opposing counsel and J. Goett regarding settlement | 0.50 | $425.00 | $212.50 |
| DEC-05-14 | V1 | Teleconference with J. Goett regarding settlement and correspondence with opposing counsel regarding same | 0.40 | $425.00 | $170.00 |
| DEC-12-14 | V1 | Teleconference with I. Saperstein regarding settlement and correspondence with J. Goett regarding same | 0.20 | $425.00 | $85.00 |
| DEC-18-14 | V1 | Review Answer and correspondence with J. Goett and I. Saperstein regarding settlement and pleadings | 0.30 | $425.00 | $127.50 |

INVOICE NUMBER: 193

| DATE | PROJECT | DESCRIPTION | QTY | RATE | AMOUNT |
|------|---------|-------------|-----|------|--------|
| JAN-04-15 | V1 | Correspondence with I. Saperstein regarding meet and confer; review Judge Furman's scheduling order and individual rules | 0.30 | $425.00 | $127.50 |
| JAN-06-15 | V1 | Teleconference with I. Saperstein regarding settlement and case management order; prepare case management plan and pre-trial conference letter | 2.40 | $425.00 | $1,020.00 |
| JAN-07-15 | V1 | Prepare initial disclosures | 0.80 | $425.00 | $340.00 |
| JAN-12-15 | V1 | Teleconference with J. Goett regarding status; review and revise initial disclosures | 0.30 | $425.00 | $127.50 |
| JAN-15-15 | V1 | Review, revise and file joint letter and proposed CMP and correspondence with I. Saperstein regarding same; revise and serve initial disclosures | 1.20 | $425.00 | $510.00 |
| JAN-20-15 | V1 | Review defendants' initial disclosures and correspondence with J. Goett regarding same | 0.20 | $425.00 | $85.00 |
| JAN-30-15 | V1 | Prepare for and attend initial conference | 1.50 | $425.00 | $637.50 |
| FEB-02-15 | V1 | Review case management order and docket dates for same | 0.20 | $425.00 | $85.00 |
| FEB-04-15 | V1 | Teleconference with Magistrate Dollinger's clerk regarding settlement and correspondence with I. Saperstein regarding same | 0.30 | $425.00 | $127.50 |
| FEB-24-15 | V1 | Teleconference and correspondence with I. Saperstein regarding settlement proposal; teleconference with J. Goett regarding same | 0.40 | $425.00 | $170.00 |
| FEB-26-15 | V1 | Correspondence with J. Goett regarding settlement conference; review settlement proposal and correspondence with J. Goett regarding same | 0.30 | $425.00 | $127.50 |
| MAR-02-15 | V1 | Prepare for and attend settlement conference; prepare settlement agreement and confessions of judgment | 4.00 | $425.00 | $1,700.00 |
| MAR-03-15 | V1 | Review and revise settlement agreement and correspondence with I. Saperstein regarding same | 1.20 | $425.00 | $510.00 |
| | | Total hours for this invoice | 40.10 | | |
| | | Total amount of this invoice | | | $17,634.50 |

INVOICE NUMBER: 193

| MESSAGE |
|---|
| For services rendered.  Please remit payment upon receipt |