

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GOETT,

        Plaintiff,

-against-

V1 JETS INTERNATIONAL, INC., et al.,

        Defendants.

14-CV-8256 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Joseph Goett filed this action on October 16, 2014, seeking damages under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) for defendants' alleged failure to pay him at the required minimum wage rate, failure to provide overtime pay for hours worked in excess of 40 per week, and related violations. *See* Compl. (Dkt. No. 1) ¶¶ 44-84. On November 20, 2015 – after a settlement agreement was executed (Dkt. No. 27), approved (Dkt. No. 28), and apparently breached – plaintiff obtained a judgment against defendants V1 Jets International, Inc., V1 Jet Holdings, Inc., Travelsuite, Inc., Jaime Matta and Andrew Zarrow, in the "total amount of $66,613.67." (Dkt. No. 29.)[1] The judgment, signed by the Hon. Michael H. Dolinger, added, "Plaintiff is also entitled to an award of post-judgment interest at the rate of 9 percent per annum." (*Id.*)

On September 28, 2020, the Clerk of Court issued an abstract of judgment, at plaintiff's request, describing the amount of the judgment as: "$66,613.67 plus post-judgment interest at a rate of nine percent (9%) per annum." (Dkt. No. 32.)

---

[1] The record in this action, as reflected in the Court's electronic docket, appears to be missing at least one potentially significant document. The judgment states that it is based upon (among other things) the "declaration of Russell E. Adler dated November 6, 2015." (Dkt. No. 29.) No such declaration appears in the record.

On November 10, 2020, plaintiff again requested an abstract of judgment. (Dkt. No. 33.) This time, however, plaintiff asked that the abstract describe the amount of the judgment as: "$66,613.67 plus post-judgment interest at a rate of nine percent (9%) per annum for a total balance of $96,474.84 as of November 10, 2020." (*Id*.) The Clerk of Court rejected the request because "the proposed abstract of judgment lists the wrong amount for the judgment."

By letter-motion dated January 5, 2021 (Pl. Ltr.) (Dkt. No. 35), supported by a declaration of counsel (Sisca Decl.) (Dkt. No. 36), plaintiff now requests that the Court enter a "supplemental judgment" (Dkt. No. 37) in the amount of $97,394.66 (that is, the original principal sum plus interest at 9% through the date of the motion). Plaintiff explains that he attempted to record the previously-issued abstract of judgment with the New York County Clerk, in an effort to collect the sums due from the judgment debtors, but "same was rejected and the Clerk's office stated that they will only record an Abstract with a sum total listed, and will not record a document that includes open-ended language pertaining to interest." Pl. Ltr. at 1; Sisca Decl. ¶¶ 5-6.

Judge Dolinger having retired, the motion was assigned to me.

No later than **January 22, 2021**, plaintiff shall submit a letter-brief or memorandum setting forth the authorities on which he relies for the proposition that a federal court may issue a supplemental judgment which neither corrects a mistake in the original judgment, *see* Fed. R. Civ. P. 60(a), nor awards additional relief based on further proceedings, *see* Fed. R. Civ. P. 54(b), but instead updates the sum awarded to include *post*-judgment interest accrued since the issuance of the original judgment. *Cf. Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co*., 313 F.3d 662, 665 (2d Cir. 2002) (approving district court's issuance of amended judgment, pursuant to Rule 60(a), that "corrected a judicial oversight" by including *pre*-judgment interest, accrued prior to the entry of the original judgment, in the award).

Additionally, plaintiff should explain the basis for the award of *post*-judgment interest at the New York rate of 9%, *see* N.Y.C.P.L.R §§ 5002, 5004, rather than at the federal rate under 28 U.S.C. § 1961(a). "In general, pre-judgment interest ceases to accrue, and post-judgment interest begins to accrue, as of the date that judgment first 'is ascertained in a meaningful way and supported by the evidence.'" *NML Capital v. Republic of Argentina*, 435 F. App'x 41, 43 (2d Cir. 2011) (quoting *Adrian v. Town of Yorktown,* 620 F.3d 104, 107 (2d Cir. 2010)) (vacating amended judgment and remanding with instructions to include pre-judgment interest at 9% and "post-judgment interest due under federal law"). Thus, in cases brought under the FLSA and NYLL, the federal courts in New York routinely award pre-judgment interest at 9% and post-judgment interest at the federal statutory rate. *See*, *e.g.*, *Martinez v. New 168 Supermarket LLC*, 2020 WL 5260579, at *9 (E.D.N.Y. Aug. 19, 2020), *report and recommendation adopted,* 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020); *Cordova v. D & D Rest., Inc.*, 2015 WL 6681099, at *11 (S.D.N.Y. Oct. 29, 2015).

Dated: New York, New York
       January 13, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**