USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GOETT,

        Plaintiff,

-against-

V1 JETS INTERNATIONAL, INC., et al.,

        Defendants.

14-CV-8256 (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On November 20, 2015, this Court issued a judgment in favor of plaintiff Joseph Goett in the amount of $66,613.67, plus post-judgment interest at 9%. Plaintiff now seeks the issuance of an amended judgment in the amount of $97,394.66 – calculated by including the first five years of *post*-judgment interest as if it were *pre*-judgment interest – plus post-judgment interest, from the date of the new judgment, at 9%. For the reasons that follow, the motion will be denied.

## Background

Plaintiff Goett filed this action on October 16, 2014, seeking damages from his former employers under the federal Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). On April 22, 2015, the Court approved a $75,000 installment settlement of the action, noting, among other things, that the parties' agreement contained "a robust set of protections for plaintiff in the event of a default," including confessions of judgment in the amount of $100,000, "to be held in escrow until full payment has been made." (Dkt. No. 28, at 7.)

Defendants defaulted after paying $33,386.33 towards the settlement. Adler Decl. (Dkt. No. 41, at ECF pages 18-20) ¶¶ 9-15. On November 20, 2015, a judge of this Court issued a judgment by confession (Judgment) (Dkt. No. 29) in favor of plaintiff and against defendants V1 Jets International, Inc., V1 Jet Holdings, Inc., Travelsuite, Inc., Jaime Matta, and Andrew Zarrow, in the "total amount of $66,613.67," together with "an award of post-judgment interest at the rate

of 9 percent per annum." For the next three and a half years, plaintiff made no effort to enforce the Judgment, either in this Court or in state court pursuant to N.Y. C.P.L.R. (CPLR) § 5018(b).[1]

On May 17, 2019, at plaintiff's request, the Clerk of Court issued an abstract of judgment describing the amount of the Judgment as "$66,613.67 plus post-judgment interest at a rate of nine percent (9%) per annum." (Dkt. No. 31.) The record does not reflect whether or where plaintiff filed the 2019 abstract.

On September 29, 2020, at plaintiff's request, the Clerk of Court issued another abstract of judgment, once again describing the amount of the Judgment as "$66,613.67 plus post-judgment interest at a rate of nine percent (9%) per annum." (Dkt. No. 32.)

On November 10, 2020 – almost five years after the Judgment was issued – plaintiff made a third request for an abstract of judgment. This time, plaintiff asked that the abstract describe the amount of the Judgment as: "$66,613.67 plus post-judgment interest at a rate of nine percent (9%) per annum for a total balance of $96,474.84 as of November 10, 2020." (Dkt. No. 33.) The Clerk of Court rejected the request, placing a notice on the electronic docket advising plaintiff that "the proposed abstract of judgment lists the wrong amount for the judgment."

## Plaintiff's Application

By letter-motion dated January 5, 2021 (Pl. Jan. 5 Ltr.) (Dkt. No. 35), supported by a declaration of his counsel (Sisca Decl.) (Dkt. No. 36) and a proposed supplemental judgment (Prop. Supp. Judgment) (Dkt. No. 37), plaintiff requests that the Court enter a new judgment

---

[1] Under CPLR § 5018(b), a "transcript" or abstract of a New York federal judgment "may be filed in the office of the clerk of any county and upon such filing the clerk shall docket the judgment in the same manner and with the same effect as a judgment entered in the supreme court within the county." *See also* David Siegel, *New York Practice* § 422 (6th ed. 2018) (the filing of the abstract "requires the docketing of the judgment by that clerk," which in turn "enables the judgment to be enforced as if rendered by the New York Supreme Court").

awarding him (i) the "principal sum" of $66,613.67, *plus* (ii) "pre-judgment interest" at 9% from November 19, 2015 through January 5, 2021, in the amount of $30,780.99, for a "total judgment" in the amount of $97,394.66, *plus* (iii) "post-judgment interest" at the rate of 9% per annum to the date of payment. Prop. Supp. Judgment at 2. Counsel explains that her firm attempted to record the September 29, 2020 abstract of judgment with the New York County Clerk but "the Clerk's office stated that they will only record an Abstract with a sum total listed, and will not record a document that includes open-ended language pertaining to interest." Pl. Jan. 5 Ltr. at 1.[2] The judge who issued the original Judgment having retired, the motion was assigned to me.

By Order dated January 13, 2021 (Jan. 13 Order) (Dkt. No. 40), I directed plaintiff to set forth the authorities on which he relies for the proposition that a federal court may issue a new judgment which neither corrects a mistake in the original judgment nor awards additional relief based on further proceedings, but instead simply grosses up the sum awarded to incorporate post-judgment interest accrued since the issuance of the original judgment. Jan. 13 Order at 2. Additionally, I directed plaintiff to explain the basis for the original award of post-judgment interest at 9%, which is the New York State rate, *see* CPLR § 5004, rather than at the federal post-judgment rate prescribed by 28 U.S.C. § 1961(a). *Id.* at 3.[3]

---

[2] The email correspondence between a clerk in counsel's office and a Senior Court Clerk in New York County, *see* Sisca Decl. Ex. C, does not wholly support this characterization. The Senior Court Clerk did not refuse to record the September 29, 2020 abstract. Rather, the Senior Court Clerk advised that "[i]f we were to accept your transcript as is, it would only be recorded in the judgment amount shown, exclusive of any post judgment interest accrued prior to docketing. Once it is docketed with the County Clerk, it would accrue interest at the statutory rate of 9%, but any post judgment interest accrued prior to that docketing would not be included. Any accrued interest or fees must be included in the judgment amount on the transcript as an amount certain when it is presented for filing." *Id.* at ECF page 9.

[3] Section 1961(a) makes an award of post-judgment interest mandatory on "any money judgment in a civil case recovered in a [federal] district court," and specifies that such interest "shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve

On January 22, 2021, plaintiff submitted a letter-brief (Pl. Jan. 22 Ltr.) (Dkt. No. 41), styled as a second letter-motion requesting a supplemental judgment, addressing both issues. Plaintiff does not point to any specific rule authorizing a district court to issue an updated judgment grossed up for post-judgment interest to date, as requested here. Nor does he cite any case in which an amended, corrected, or supplemental judgment was issued for that purpose. Instead, plaintiff relies on the general proposition that after entering a judgment a federal court "has ancillary jurisdiction over subsequent proceedings necessary to 'vindicate its authority, and effectuate its decrees.'" Jan. 22 Ltr. at 3 (quoting *Cappiello v. ICD Publications*, 868 F. Supp. 2d 55, 61 (E.D.N.Y. 2012), *aff'd sub nom. Cappiello v. ICD Publications, Inc.*, 720 F.3d 109 (2d Cir. 2013)).

As to the post-judgment interest rate, plaintiff acknowledges that "generally," pursuant to § 1961(b), "post judgment interest is awarded under federal law," Pl. Jan. 22 Ltr. at 3, but observes that "parties are free to contract the post-judgment interest that may be paid through private agreements." *Id*. at 2 (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004)). In this case, plaintiff argues, the parties did just that in their settlement agreement, which is governed by New York law. Pl. Jan. 22 Ltr. at 3 (the 9% post-judgment rate gave "effect to the prior settlement agreement of the parties and to the consent of Defendants to enter judgment under New York State Law if they did not pay Plaintiff").[4]

---

System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Interest is to be "computed daily to the date of payment." *Id.* § 1961(b). The applicable federal rate for the calendar week prior to the entry of the Judgment at issue here was 0.49%.

[4] All of plaintiff's post-judgment submissions were electronically served upon Ivan Adam Saperstein, defendants' counsel of record. By letter dated January 6, 2021 (Dkt. No. 39), attorney Saperstein advised the Court that his firm has not represented the defendants "since on or about the closure of the case on April 22, 2015," and that, "[d]espite repeated attempts," he has "not been able to contact the defendants and [does] not know of their whereabouts."

4

**Analysis**

The Federal Rules of Civil Procedure Rule provide several avenues for a litigant to correct, amend, or seek relief from a judgment. None of those avenues is open to plaintiff Goett.

Fed. R. Civ. P. 60(a) permits a district court, on motion or *sua sponte*, to "correct a clerical mistake or a mistake arising from oversight or omission." Rule 60(a) may be used when as a result of "ministerial oversight" the court has forgotten to include mandatory pre-judgment or post-judgment interest. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1141 (2d Cir. 1994); *see also, e.g.*, *Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 665 (2d Cir. 2002); *In re Frigitemp Corp.,* 781 F.2d 324, 327 (2d Cir. 1986). Rule 60(a) may also be used where the judgment inadvertently fails to specify the rate (typically the federal rate pursuant to § 1961(b)) at which post-judgment interest will accrue. *See*, *e.g*., *PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2015 WL 9413880, at *5 (S.D.N.Y. Dec. 21, 2015), *aff'd*, 670 F. App'x 23 (2d Cir. 2016); *Cappiello*, 868 F. Supp. 2d at 64-65. A Rule 60(a) correction may be made "at any time." *Cappiello*, 868 F. Supp. 2d at 59 (internal quotation and citation omitted).

Errors "of a more substantial nature," including "a change in the calculation of interest not originally intended," cannot be addressed under Rule 60(a), but may be "corrected by a motion under Rules 59(e) or 60(b)." 11 Charles Alan Wright, *et al*., *Federal Practice and Procedure* § 2854 (3d ed. 2012); *see also PDV Sweeny*, 2015 WL 9413880, at *2 (quoting *Emp'rs Mut. Cas. Co. v. Key Pharm., Inc.,* 886 F. Supp. 360, 363 (S.D.N.Y. 1995)) (Rule 60(a) "is not meant to provide a way for parties to . . . charge errors in what a court has deliberately done."). A motion to "alter or amend" a judgment made under Rule 59(e) must be filed within 28 days after entry of the judgment at issue. Fed. R. Civ. P. 59(e). A motion for "relief" from a judgment made under Rule 60(b) must be filed within one year after entry of that judgment if the motion is based on mistake,

newly-discovered evidence, or fraud, and in all other instances within a "reasonable time." Fed. R. Civ. P. 60(c)(1). If the applicable time limits are met, Rules 59(e) and 60(b) may be used to correct the post-judgment interest rate, *see Leeber Realty LLC v. Trustco Bank*, 798 F. App'x 682, 684 (2d Cir. 2019) (affirming district court's reliance on Rule 60(b) to "amend the judgment to modify the post-judgment interest rate from the contractual rate of 8% to the applicable federal rate under 28 U.S.C. § 1961"), or to change the manner in which it is calculated. *See*, *e.g.*, *Kazazian v. Bartlett & Bartlett LLP*, 2007 WL 2077092, at *1-2 (S.D.N.Y. July 17, 2007) (relying on Rule 59(e) to issue an amended judgment specifying that post-judgment interest at the federal statutory rate would accrue from the date on which judgment was entered rather than "the date the jury trial commenced," as previously decreed).

In the case now before me, plaintiff does not assert that the original Judgment was incorrect in any way, either intentionally or inadvertently. Pl. Jan 22 Ltr. at 3. Rules 59(e), 60(a), and 60(b) are therefore inapplicable. So is *Cappiello*, where the district court relied on Rule 60(a) to correct its prior "failure to provide for post-judgment interest and specify the governing interest rate" and to "clarify" that although state law supplied the rule of decision for the parties' underlying claims, "an award of *post*-judgment interest is governed by 'the federal post-judgment interest rate provided for in 28 U.S.C. § 1961.'" 868 F. Supp. 2d at 59-60 (quoting *FCS Advisors, Inc. v. Fair Fin. Co., Inc.*, 605 F.3d 144, 147 (2d Cir. 2010)) (emphasis added).[5]

---

[5] *Cappiello* was a diversity case. The original judgment was in the amount of $600,510.15, including both a principal sum and pre-judgment interest at the New York State rate of 9%, but was silent as to the post-judgment interest rate. 868 F. Supp. 2d at 58. After the judgment was affirmed on appeal, the defendant attempted to satisfy it by tendering $612,587.66, which "constituted the amount owed if the federal interest rate applied to the post-judgment interest." *Id*. at 59. Plaintiff balked, insisting that post-judgment interest also be calculated at 9%. *Id*. at 58. The district court held that its failure to address the issue in its original judgment "constitute[d] a 'mistake arising from oversight or omission'" which it could "clarify" pursuant to Rule 60(a). *Id*. at 59. It then held that even where pre-judgment interest is governed by state law, post-judgment

6

Here, unlike *Cappiello*, there was no "failure to provide for post-judgment interest" or to "specify" the rate, and hence no "mistake arising from oversight or omission," 868 F. Supp. 2d at 59-60, which requires correction pursuant to Rule 60(a). To the contrary: the original Judgment provides for post-judgment interest at the generous New York State rate of 9%. Although that interest rate appears to be a mistake, *see id.*,[6] it is a mistake from which plaintiff seeks no relief. Moreover, the selection of a 9% post-judgment rate appears to have been "deliberately done," *PDV Sweeny*, 2015 WL 9413880, at *2, rather than inadvertent, and therefore redressable only pursuant to Rule 59(e) or Rule 60(b), both of which are subject to tight time limits, now expired. Plaintiff has thus failed to identify any plausible basis on which this Court could grant the relief sought.

Even if I had the inherent authority to issue an amended judgment, in the absence of any error, to "give effect to [the Court's] decree," Pl. Jan. 22 Ltr. at 3, I would not use that authority to issue the Proposed Supplemental Judgment submitted by plaintiff, because it would put him in a

---

interest is governed by § 1961. *Id*. at 59-60. Accordingly, the Clerk of Court was directed to "correct the judgment to include that the Plaintiff is entitled to post-judgment interest to be calculated pursuant to the federal rate set forth in 28 U.S.C. § 1961." *Id*. at 64-65. The resulting judgment awarded plaintiff a total of $600,510.15 (the same principal sum as before), plus "post-judgment interest to be calculated pursuant to the federal rate set forth in 28 U.S.C. § 1961." Amended Judgment, *Cappiello v. ICD Publications*, No. 08-CV-2417 (E.D.N.Y. June 7, 2012).

[6] The Second Circuit squarely held, when affirming the district court's decision in *Cappiello*, that § 1961 requires the district courts to "apply the federal rate of post-judgment interest to judgments rendered in diversity actions, even when those judgments have been docketed in state court." *Cappiello v. ICD Publications*, 720 F.3d at 112-13. The same rule applies to federal question actions with pendant state claims, such as actions brought under the FLSA and the NYLL. *See*, *e.g*., *Martinez v. New 168 Supermarket LLC*, 2020 WL 5260579, at *9 (E.D.N.Y. Aug. 19, 2020), *report and recommendation adopted,* 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020); *Cordova v. D & D Rest., Inc.*, 2015 WL 6681099, at *11 (S.D.N.Y. Oct. 29, 2015). Moreover, while plaintiff is correct that the parties to a dispute are "free to agree to a different post-judgment interest rate by contract," they must "do so through 'clear, unambiguous and unequivocal language.'" *FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 147 (2d Cir. 2010) (quoting *D'Urso*, 371 F.3d at 102). I have carefully reviewed the parties' settlement agreement, Sisca Decl. Ex. A, as well as the attached confessions of judgment, and have found no language (much less "clear, unambiguous, and unequivocal language") suggesting that they agreed to a 9% post-judgment interest rate on a future confessed judgment.

7

*better* position than the original Judgment. That Judgment provided for 9% interest per annum, in accordance with CPLR § 5004, on the principal amount of $66,613.67. It is well settled that "there is 'no compounding of interest under the CPLR.'" *Washington v. Kellwood Co.*, 2016 WL 845280, at *2 (S.D.N.Y. Mar. 4, 2016) (quoting Siegel, *New York Practice* § 411 and collecting cases). The effect of the Proposed Supplemental Judgment, however, would be to compound the post-judgment interest award to plaintiff's advantage.[7]

## **Conclusion**

As noted above, New York County has not refused to record the abstract of judgment issued by this Court. At worst, plaintiff risks the loss of the first five years of post-judgment interest. *See* Sisca Decl. Ex. C at ECF page 9 ("Once it is docketed with the County Clerk, it would accrue interest at the statutory rate of 9%, but any post judgment interest accrued prior to that docketing would not be included."). Plaintiff could have avoided that risk by moving promptly to enforce the Judgment issued by this Court (or, for that matter, by seeking a confessed judgment in state court pursuant to CPLR § 3218 as soon as defendants defaulted). Having failed to do so, he cannot expect the Court to reward him by compounding the post-judgment interest to which he is entitled.

Plaintiff's motion is DENIED. The Clerk of Court is respectfully directed to close Dkt. Nos. 35 and 41.

Dated: New York, New York  
       February 9, 2021

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[7] At present, the judgment is accruing interest at the rate of $5,995.23 (9% of $66,613.67) per year. Were I to gross up the principal amount of the judgment to $97,394.66, as plaintiff requests, it would thereafter accrue interest at the rate of $8,765.52 (9% of $97,394.66) per year.